IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SUNIL PATEL, *et al.* | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Case No.: SAG-23-02323 |
| HARSHAL ENTERPRISE, INC., *et al.*, | * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In their First Amended Complaint, Plaintiffs Sunil and Jigisha Patel brought this action against Defendants Bipin R. Patel ("Bipin") and his company, Harshal Enterprise, Inc. ("Harshal"), for failure to pay minimum and overtime wages in violation of the Maryland Wage and Hour Law ("MWHL"), MD. CODE ANN., LAB. & EMPL. §§ 3-401 to 3-431 (Counts I and II); the Maryland Wage Payment and Collection Law ("MWPCL"), *id.* §§ 3-501 to 3-509 (Count III and IV); and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 (Counts V and VI). ECF 6. Currently pending is Defendants' partial motion to dismiss for failure to state a claim, or in the alternative, partial motion for summary judgment. ECF 8. This Court has reviewed the motion as well as the opposition and reply. ECF 11, 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Defendants' motion, ECF 8, will be **DENIED**.

I.  **BACKGROUND**

The following facts are derived from Plaintiffs' First Amended Complaint, ECF 6, and are taken as true for purposes of evaluating Defendants' motion. Plaintiffs worked at a Subway store in Crownsville, Maryland (the "Crownsville Subway") from April, 2021 to June, 2023. *Id.* ¶¶ 8, 14–15. The Crownsville Subway and another Subway store in Glen Burnie, Maryland, were owned

and operated by Harshal, which in turn was owned and operated by Bipin. *Id.* ¶¶ 3, 8–9. During the time that Harshal employed Plaintiffs, Bipin made all of the employment decisions, including hiring and firing employees. *Id.* ¶ 13. He supervised and controlled Plaintiffs' schedules and conditions of employment. *Id.* ¶ 16. He also determined the rate and method of paying wages to them. *Id.* ¶¶ 17, 60. Specifically, Bipin "reviewed the number of hours worked," *id.* ¶ 36, decided to pay Plaintiffs based on a month long pay period, *id.* ¶ 32 – 33, and set an hourly wage of $10.00 per hour, which was less than the minimum wage, *id.* ¶¶ 19–20, 23. He "personally handed payment . . . directly to the Plaintiffs." *Id.* ¶ 64. He arbitrarily determined the pay date, which generally fluctuated between the 15th and 25th day of the month. *Id.* ¶ 35.

Both parties have introduced evidence beyond the First Amended Complaint. Defendants submit a declaration by Bipin stating that he has "knowledge" of the Crownsville Subway's operations and sales revenue. ECF 8-2 ¶ 4. Bipin has attached to his declaration a set of records that show the Crownsville Subway's "Total Daily Sales" from January, 2020 to June, 2023. *Id.* at 4–32. According to these records, there was no period of four consecutive calendar quarters in which the store's total gross sales exceeded $400,000. *Id.* ¶ 12. Plaintiff Sunil Patel also submits a declaration, stating that she has "not had sufficient opportunity to obtain information relating to income earned by" the Crownsville Subway. ECF 11-2 ¶ 6. She also states that she issued a subpoena for income information from Subway's parent company but has yet to receive that information. *Id.* ¶ 7.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016); *McBurney v.*

*Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). But sometimes, a court—in its discretion—may consider matters outside of the pleadings and convert the 12(b)(6) motion to a summary judgment motion. Fed. R. Civ. P. 12(d). To convert the motion, two requirements must be met. First, a court must give "some indication" to the parties that it is "treating the 12(b)(6) motion as a motion for summary judgment." *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 873 (4th Cir. 2020) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). "This notice exists when 'a party is aware that material outside the pleadings is before the court,' such as when a motion is captioned in the alternative." *Id.* (quoting *Gay*, 761

F.2d at 177). Second, "a Rule 12(d) conversion is only proper when the parties have been 'afforded a reasonable opportunity for discovery.'" *Id.* (quoting *Gay*, 761 F.2d at 177). In the absence of such an opportunity, the court should defer ruling on the motion or deny the motion for summary judgment. Fed. R. Civ. P. 56(d). To oppose a motion for summary judgment on this basis, a plaintiff must submit a Rule 56(d) affidavit showing that he cannot present facts essential to justify the opposition without discovery because those facts are unavailable to him. *See id.*

### III. COUNTS I AND II

The MWHL requires employers to pay minimum and overtime wages. MD. CODE ANN., LAB. & EMPL. §§ 3-413, 3-415, 3-420. The statute expressly lists fifteen categories of employees whom the Maryland General Assembly has legislated to be exempt from these wage requirements. *Id.* § 3-403. One of the exempted categories is any individual who is "employed in a . . . restaurant . . . or other similar establishment that: (i) sells food and drink for consumption on the premises; and (ii) has an annual gross income of $400,000 or less." *Id.* § 3-403(11). Defendants ask this Court to dismiss Counts 1 and 2 because Plaintiffs fail to plead that the Crownsville Subway earns more than $400,000 a year. Plaintiffs respond that the statutory exemption at issue implicates an affirmative defense that cannot be resolved on a motion to dismiss. Defendants disagree, arguing that Plaintiffs must plead facts showing that they do not meet the exemption.

Whether Plaintiffs must plead that they are not exempt under the $400,000 provision appears to be a matter of first impression for this Court. Because the MWHL is the state parallel to the FLSA, this Court looks to analogous FLSA case law for guidance. *See Frollo v. Frankel*, 91 A.3d 1156, 1158 (Md. 2014) (describing the MWHL as "the Maryland counterpart to the [FLSA]"). The Fourth Circuit has held that "the applicab[ility] of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof." *Clark v. J.M.*

*Benson Co.*, 789 F.2d 282, 284 (4th Cir. 1986) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). The Fourth Circuit has also held that a motion to dismiss filed under Rule 12(b)(6) cannot reach the merits of an affirmative defense except in the "relatively rare circumstances" where facts sufficient to rule on the affirmative defense clearly appear on the face of the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Accordingly, at least one court in this district has denied an employer's motion to dismiss FLSA and MWHL claims based on statutory exemptions. *Smith v. ABC Training Ctr. of Maryland, Inc.*, No. 13-CV-306, 2013 WL 3984630, at *8–9 (D. Md. Aug. 1, 2013).

Here, the MWHL's $400,000 provision is a statutory exemption, which therefore must be treated as an affirmative defense. It is not clear from the face of the complaint that Plaintiffs meet the $400,000 exemption because the complaint does not specify the amount of money that the Crownsville Subway earns. Therefore, this Court cannot reach the merits of the $400,000 exemption and must deny Defendants' motion to dismiss Counts I and II.

In their reply, Defendants argue that the $400,000 benchmark is a matter of subject matter jurisdiction that must be resolved on a motion to dismiss pursuant to Rule 12(b)(1). They analogize this case to other cases that place the burden on the employee to prove that an employer satisfied the interstate commerce requirements of a FLSA claim, including a requirement that the employer's annual gross sales exceed $500,000. *See, e.g.*, *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006); *Aguilar v. LR Coin Laudromat, Inc.*, No. 11-CV-2352, 2012 WL 1569552, at *4 (D. Md. May 2, 2012). But those cases are inapposite because they concern a threshold jurisdictional inquiry into whether an employer is covered by the FLSA, not a statutory exemption that applies *after* jurisdiction is established.

6

As an alternative to their motion to dismiss, Defendants ask this Court to grant summary judgment in their favor based on evidence that annual gross sales at Crownsville Subway totaled less than $400,000. This Court declines to convert the motion to dismiss to a motion for summary judgment because Plaintiffs have not had a "reasonable opportunity for discovery" to contest or rebut the numbers that Defendants have presented. *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 873 (4th Cir. 2020). Plaintiff Sunil Patel has submitted a Rule 56(d) declaration that she has not had "sufficient opportunity to obtain information relating to income earned by" the Crownsville Subway, and that she awaits income information from a subpoena that she issued on Subway's parent company. ECF 11-2 ¶¶ 6–7. This Court, therefore, finds Defendants' motion for summary judgment premature and denies it. Fed. R. Civ. P. 56(d)(1).

## IV.   COUNT IV

The MWPCL provides a cause of action to recover unpaid wages from an "employer" who fails to establish a regular pay period of at least once every two weeks or twice in each month. MD. CODE ANN., LAB. & EMPL. §§ 3-502(a), 3-507.2(a). Defendants move to dismiss Count IV on the basis that Bipin is not an "employer" under the MWPCL. The statute defines "employer" as "any person who employs an individual." *Id.* § 3-501(b). And "employ" means "to engage an individual to work," including "allowing an individual to work" and "instructing an individual to be present at a work site." *Id.* § 3-101(c). Notably, this is a narrower definition of "employer" than that found in the MWHL and FLSA. Those two statutes define "employer" to also include a person who acts "directly or indirectly in the interest of" another employer in relation to an employee. *Id.* § 3-401(c); 29 U.S.C. § 203(d). The MWPCL lacks such language. *Id.* § 3-501(b). Considering

7

this difference, this Court has held that an "employer" under the MWPCL does not include a "mere supervisor of another employee." *Watkins v. Brown*, 173 F. Supp. 2d 409, 414–16 (D. Md. 2001).[1]

Defendants argue that the definition of "employer" is even narrower than one that excludes mere supervisors, arguing that the "employer" must also have a "contractual relationship" with the employee. Plaintiffs respond that the "employer" only needs to be directly responsible for or involved in the payment of wages. This Court agrees with Plaintiffs. In *Watkins*, this Court noted that the "commonly understood meaning [of 'employer'] contemplates some sort of contractual relationship involving the payment of wages in exchange for services." *Id.* at 414 (citing OXFORD ENGLISH DICTIONARY (2d ed. 1989) and WEBSTER'S NEW WORLD DICTIONARY (3d ed. 1988)). But it never imposed contractual liability as an expressly required element of the term. In other words, the term "must be interpreted *in accordance with* the commonly understood meaning," but the term *itself* need not constitute that meaning. *Iraheta v. Lam Yuen, LLC*, No. 12-CV-1426, 2012 WL 5995689, at *4 (D. Md. Nov. 29, 2012) (emphasis added). Instead, this Court focuses on whether the alleged employer was directly responsible for or involved in the payment of wages, regardless of whether a formal contract existed. *See id.* (holding that the individual owners of a bakery constituted "employers," in part because they paid the employee in cash and failed to issue

---

[1] Rejecting *Watkins*, the Maryland Court of Special Appeals has interpreted the MWPCL's definition of "employer" to match the FLSA and MWHL definitions, thereby applying a four-factor "economic reality" test. *See, e.g.*, *Campusano v. Lusitano Const. LLC*, 56 A.3d 303, 308 (2012). But this Court "is neither bound nor persuaded by [this] broad interpretation." *Odjaghian v. EngagePoint, Inc.*, No. 18-CV-151, 2018 WL 3329617, at *7 n.6 (D. Md. July 6, 2018), *aff'd sub nom. Odjaghian v. HHS Tech. Grp., LLC*, 848 F. App'x 534 (4th Cir. 2021). In any event, because this Court finds that Bipin constitutes an "employer" under a narrower test, it also believes that Bipin would constitute an "employer" under the broader economic reality test. *Cf. Odjaghian*, 848 F. App'x at 540 (finding it unnecessary to determine whether the economic reality test applied, and instead, holding that the complaint was insufficient under multiple tests because it did not allege that the individual defendant was involved in the payment of the employee's wages).

"any paystubs or other documentation"); *Pridgen v. Appen Butler Hill, Inc.*, No. 18-CV-61, 2019 WL 1048950, at *5–6 (D. Md. Mar. 5, 2019) (adopting a "directly responsible for" standard and finding that some managers met that standard while others did not depending on whether they were "involved in the payment" of the employee's wages); *Caseres v. S & R Mgmt. Co., LLC*, No. 12-CV-1358-AW, 2012 WL 5250561, at *4–5 (D. Md. Oct. 24, 2012) (holding that an employee plausibly stated a claim that a 25% owner of a construction company was an "employer" because the owner paid the employee a salary, controlled his workweek, and denied him overtime pay).

Here, the First Amended Complaint alleges that Bipin was directly responsible for or involved in the payment of Plaintiffs' wages. It specifically states that "Bipin made the decision to pay the Plaintiffs based on a month long pay period," ECF 6 ¶ 33, "reviewed the number of hours worked and issued payment to the Plaintiffs," *id.* ¶ 36, "determined the rate and method of paying wages," *id.* ¶¶ 17, 60, and "personally handed payment . . . directly to the Plaintiffs," *id.* ¶ 64. Viewing the complaint in the light most favorable to Plaintiffs, these allegations are enough to plausibly state that Bipin was an "employer" under the MWPCL. Therefore, this Court denies Defendants' motion to dismiss Count IV. Of course, Bipin is free to re-raise this argument following discovery, where a different legal standard applies.

V. **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss Counts I, II, and IV, and their alternative motion for summary judgment on Counts I and II, ECF 8, will be **DENIED**. A separate Order follows.

Dated: November 6, 2023                                                         /s/
                                                                                                     Stephanie A. Gallagher
                                                                                                     United States District Judge